13-2669-cv
*Dwyer v. Rochester City School Dist.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand fourteen.

PRESENT:

> AMALYA L. KEARSE,
> CHESTER J. STRAUB,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

COLLEEN DWYER,

> *Plaintiff-Appellant,*

-v.- No. 13-2669-cv

ROCHESTER CITY SCHOOL DISTRICT,

> *Defendant-Appellee,*

PAUL LINDSLEY, SUPERVISOR, INDIVIDUALLY, AS AIDER AND ABETTOR,

> *Defendant.*

_____

**FOR PLAINTIFF-APPELLANT:** Colleen Dwyer, *pro se*, Rochester, NY (Christina A. Agola, Christina A. Agola, PLLC, Brighton, NY, filed a brief on behalf of Appellant before being relieved).

**FOR DEFENDANT-APPELLEE:** Cara M. Briggs, Associate General Counsel, *for* Edwin Lopez-Soto, General Counsel, Rochester City School District, Rochester, NY.

Appeal from a judgment entered in the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 21, 2013 judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Colleen Dwyer ("Dwyer"), proceeding *pro se* on a brief prepared by her former counsel, appeals from the District Court's order granting summary judgment in favor of Defendant-Appellee Rochester City School District ("School District"), on her gender discrimination claim brought under 42 U.S.C. § 1983. *See Dwyer v. Rochester City Sch. Dist.*, No. 11-cv-6201 (MAT), 2013 WL 3187110 (W.D.N.Y. June 20, 2013). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's grant of summary judgment. *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 465 (2d Cir. 2001). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A motion for summary judgment must be denied "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Abdu-Brisson*, 239 F.3d at 465 (internal quotation marks omitted). In evaluating such a motion, the court "must view the evidence in the record in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Id.* at 466. To survive a defendant's motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

"[S]ex-based discrimination may be actionable under § 1983 as a violation of equal protection." *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006). We analyze such discrimination claims based on violations of equal protection under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Sorlucco v. New York City Police Dep't*, 888 F.2d 4, 6-7 (2d Cir. 1989) (applying *McDonnell Douglas* to § 1983 claims). Pursuant to that framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination by "showing that (1) [s]he is a member of a protected class; (2) [s]he is competent to perform the job or is performing h[er] duties satisfactorily; (3) [s]he suffered an adverse employment decision or action; and (4) the decision or action occurred under circumstances giving rise to an inference of discrimination based on h[er] membership in the protected class." *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 767 (2d Cir. 2002).

Upon an independent and *de novo* review of the record, we agree with the District Court – substantially for the reasons stated by that Court in its well-reasoned June 20, 2013 decision – that Dwyer has not carried her burden of demonstrating a prima facie case of discrimination. *See Dwyer*, 2013 WL 3187110, at *2-3. Dwyer failed to offer any evidence that her termination, or any other disciplinary action she incurred during her employment at the School District, occurred under circumstances giving rise to an inference of gender-based discrimination.

We have considered all of Dwyer's remaining arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

                                        FOR THE COURT,
                                        Catherine O'Hagan Wolfe, Clerk of Court